# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE RAUL MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security[1],<br><br>　　　　Defendant. | Case No. 1:14-cv-00385-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 30) |

## I.　　INTRODUCTION

On December 17, 2019, counsel for Plaintiff Rene Raul Martinez filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 30.) On December 18, 2019, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Plaintiff's counsel's motion, if any, by no later than January 8, 2020. (Doc. 31.) Plaintiff and the Commissioner were served with copies of the motion for attorney's fees and the minute order. (Docs. 32, 33.) On January 8, 2020, the Commissioner filed a response taking no position on Plaintiff's motion, noting that "the Commissioner's role in this matter is one 'resembling that of a trustee for the claimants'" and providing an "analysis of the fee request." (Doc. 34.) Plaintiff did not file any objection to the motion by the January 8, 2020

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on September 13, 2019). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

deadline and Plaintiff's counsel did not file a reply.  (*See* Docket.)

For the reasons set forth below, Plaintiff's counsel's motion for an award of attorney's fees is granted to the extent that Plaintiff's counsel is awarded fees under 42 U.S.C. § 406(b) in the amount of $39,330.75, subject to an offset of $8,500 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on September 7, 2016, (*see* Doc. 29).[2]

## II.    BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act.  (Doc. 1.)  On August 5, 2015, the Court affirmed the ALJ's decision to deny benefits.  (Doc. 18.)  On May 20, 2016, the U.S. Court of Appeals for the Ninth Circuit granted the parties' joint motion to remand and directed the Court to reverse and "remand the case to the Commissioner for further administrative proceedings as set forth in the parties' stipulation."  (Doc. 24.)  On July 6, 2016, pursuant to the Ninth Circuit's directive, the Court reversed and remanded the case and judgment was entered in favor of Plaintiff and against the Commissioner on the same day.  (Docs. 25, 26.)  On September 7, 2016, the Court granted Plaintiff's stipulation for EAJA fees, in the amount of $8,500.  (Doc. 29.)

On remand, the Commissioner found Plaintiff disabled as of November 13, 2008.  (*See* Doc. 30-2 at 13.)  On November 26, 2019, the Commissioner issued a letter to Plaintiff approving his claim for benefits and awarding him $157,323 in back payments.  (*See* Doc. 30-3 at 1–2.)  On December 17, 2019, counsel filed a motion for attorney's fees in the amount of $39,330.75, equal to exactly 25% of Plaintiff's past-due benefits, with an offset of $8,500 for EAJA fees already awarded.  (Doc. 30.)  It is counsel's § 406(b) motion for attorney's fees that is currently pending before the Court.

---

[2] Plaintiff's counsel requests that the Court award fees "in the amount of $39,330.75 les[s] the amount of the EAJA fees previously awarded in the amount of $8,500.00 for an order of a net fee of $30,830.75 to Law Offices of Lawrence D. Rohlfing." (Doc. 30 at 3.)  This method of awarding fees is not permissible, *see Gisbrecht*, 535 U.S. at 796, and the Court will instead award the gross amount of $39,330.75 and direct Plaintiff's counsel to refund to Plaintiff the $8,500 in EAJA fees previously awarded.

2

### III.     DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. § 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the § 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.[1]

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking

3

first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and counsel, signed by Plaintiff and his counsel, attorney Lawrence D. Rohlfing, provides, in relevant part:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.**

(Doc. 30-1 (signed June 9, 2016).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, attorney Lawrence D. Rohlfing spent 42.1 hours representing Plaintiff, ultimately gaining a favorable decision in that the Court remanded the case to the Commissioner for further proceedings. (Doc. 30 at 3; Doc. 30-4 (time sheets accounting for 42.1 attorney hours spent representing Plaintiff before this Court).)[3] There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

The effective hourly rate requested by Plaintiff's counsel here equals approximately $934 per hour. This hourly rate is not excessive when compared to what the Ninth Circuit has approved

---

[3] Plaintiff's counsel represents in the motion that he spent "48.8 hours before the District Court," but this appears to be a typographical error because the time sheets attached to the motion reflect that 42.1 hours were spent in total. (*Compare* Doc. 30 at 3 *with* Doc. 30-4.) In any event, the Court finds counsel's requested hourly rate reasonable using either 48.8 hours or 42.1 hours as the total time spent on the case, and thus the Court will use the 42.1 hours reflected on the time sheets for the purposes of Plaintiff's counsel's motion.

in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin*, No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").

Further, attorney's fees in the amount of $39,330.75 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to § 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to § 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to § 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to § 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if

the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 30-1.) Working efficiently and effectively, the attorney secured a reversal and remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 25, 26, 30-3.)

An award of attorney's fees pursuant to § 406(b) in the amount of $39,330.75 is, therefore, appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $8,500 in fees pursuant to the EAJA; as such, counsel shall refund such amount to Plaintiff.

### IV. CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED that:

1. Plaintiff's counsel's unopposed motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $39,330.75, (Doc. 30), is granted to the extent that the gross amount is awarded to Plaintiff's counsel and Plaintiff's counsel shall refund to Plaintiff EAJA fees as set forth below;

2. Plaintiff's counsel shall refund to Plaintiff $8,500 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d), (*see* Doc. 29); and

3. Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at his current or last known address.

IT IS SO ORDERED.

Dated: **January 17, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE